FILED

06/27/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0566

DA 16-0566

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 160N

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

      Plaintiff and Appellee,

  v.

ANTHONY R. CHAPMAN,
CHRISTINE M. LAKE-CHAPMAN,
and any person in possession,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV-15-599A
                 Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Anthony R. Chapman and Christine Chapman, Self-Represented,
                Manhattan, Montana

        For Appellee:

                Charles E. Hansberry, Jenny M. Jourdonnais, Hansberry & Jourdonnais,
                PLLC, Missoula, Montana

Submitted on Briefs:  May 17, 2017
Decided:  June 27, 2017

Filed:

                               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2004, the Chapmans executed a Deed of Trust (Deed) conveying their Manhattan, Montana, real property as security for a GMAC mortgage loan. In September 2011, the Chapmans stopped making payments on the loan but continued living on the property. In September 2014, a non-judicial foreclosure proceeding was initiated and a January 27, 2015 Trustee's Sale was noticed. In January 2015, the Chapmans filed several documents in the real property records, including a Notice to Rescind (Notice). In this Notice, they claimed they were rescinding their Deed based upon the failure of relevant entities to comply with the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. As scheduled, three weeks later, the property was sold in a Trustee's Sale. A servicing corporation purchased the property and three months later conveyed it to the Federal National Mortgage Association (Fannie Mae or the Association). Fannie Mae notified the Chapmans to vacate and when they refused, initiated the underlying unlawful detainer action against them in June 2015.

¶3 In July 2016, the Eighteenth Judicial District Court, Gallatin County, ruled that the Chapmans' Notice to Rescind was untimely and therefore ineffective. In August 2016, the

court granted Fannie Mae's motion for summary judgment, and ten days later, denied the Chapmans' M. R. Civ. P. 60(b)(4) (Rule 60(b)) motion to vacate the judgment. It is from these orders the Chapmans appeal.

¶4 As in all lower court proceedings, the Chapmans, who represented themselves throughout the proceeding, including this appeal, maintain that their Notice to Rescind was effective and nullified the need for all subsequent proceedings. While relying on the provisions of the Truth in Lending Act that authorize a borrower to rescind a deed under certain circumstances, 15 U.S.C. § 1635(a) and (b), they fail to accept the application of 15 U.S.C. § 1635(f) to their Notice. As noted by the District Court, 15 U.S.C. § 1635(f) states that a borrower's "right to rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." The Chapmans executed the Deed in May 2004. Under the applicable statute, their right to file a Notice to Rescind existed until May 2007, at which time that right extinguished. The Chapmans did not file their Notice to Rescind until January 2015.

¶5 The District Court did not err in concluding the Chapmans' Notice to Rescind was untimely and ineffective. The law is clear. Furthermore, the Chapmans' reliance on *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, 135 S. Ct. 790 (2015) is misplaced. In that case, the notice to rescind was filed within the statutorily-required limitations period.

¶6 Moreover, the District Court correctly granted summary judgment to Fannie Mae in the underlying unlawful detainer action. Once the court declared rescission ineffective, there was no dispute vis-à-vis Fannie Mae's right of possession. The record reveals there

3

were no genuine issues of fact regarding the validity of the foreclosure proceeding and the sale. It further reflects that Fannie Mae obtained legal title to the property and complied with the applicable statutes (Title 70, chapter 27, MCA) when requesting that the Chapmans vacate the property. As the material facts were undisputed and Fannie Mae was entitled to judgment as a matter of law, we affirm the District Court's grant of Fannie Mae's motion for summary judgment.

¶7 We further affirm the District Court's denial of the Chapmans' Rule 60(b)(4) motion. The court correctly determined that the Chapmans' motion was a rehashing of their "rescission-is-effective" argument and that "[s]uch repetitive arguments are insufficient on which to grant relief under Rule 60(b), M. R. Civ. P." The court's analysis and reasoning are sound and we will not disturb it.

¶8 Lastly, we decline to address the Chapmans' challenge to the District Court's subject matter jurisdiction as it is without merit.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous, its interpretation and application of the law were correct and its ruling was not an abuse of discretion.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:

/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE